United States District Court
Southern District of Texas
**ENTERED**
May 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FERNANDO LOPEZ, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:21-CV-00038 |
| | § |
| BOBBY LUMPKIN, | § |
| | § |
| Respondent. | § |

## MEMORANDUM AND RECOMMENDATION

Petitioner Fernando Lopez is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Lopez filed an original habeas corpus petition under 28 U.S.C. § 2254 on March 8, 2021. Lopez contends that the Texas Board of Pardons and Paroles ("Parole Board") should release him on parole for his life sentence for murder. (D.E. 1 at 6). For the reasons discussed further below, it is recommended that Lopez's petition be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is plain from the petition and attached exhibits that Lopez is not entitled to relief.

---

[1] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

I.  DISCUSSION

In his petition, Lopez states that he was sentenced to life imprisonment for murder in 1992. (D.E. 1 at 2). The TDCJ's online records support this statement and indicate that Lopez became eligible for parole in July 2007.[2] Lopez contends that he has been denied parole three times because the Parole Board refers to a prior false disciplinary case to conclude that he would be a danger to society. (Id. at 6). Lopez seeks release on parole because he has been in prison for 28 years, has committed no physical offenses against anyone in that time, and has worked at a job within the TDCJ. (Id. at 7).

An inmate in state custody may file a § 2254 petition only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. 2254(a).

States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Statutes or regulations that provide that a parole board "may" release an inmate on parole do not give rise to a protected liberty interest. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987). The Fifth Circuit has held that there is no constitutional expectation of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Texas parole statutes do not confer a liberty interest protected by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Because there

---

[2] Release date information is available on the TDCJ by searching for an offender's name. *See* https://offender.tdcj.texas.gov/OffenderSearch/search.action.

is no liberty interest in obtaining parole, Texas inmates "cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id.*

Here, Lopez's claims that he should be released on parole are not cognizable in a § 2254 petition. First, Lopez only claims that he should be released to parole because he has been in prison almost 28 years and has had no serious disciplinary issues in that time, but this claim does not implicate the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(d). Even liberally construing the claim as arguing that the Parole Board failed to follow the state statutes and parole guidelines, that also does not invoke the Constitution, laws, or treaties of the United States. *See id.* Finally, to the extent that Lopez's petition could be construed to argue that the Parole Board violated his constitutional rights by failing to follow the state statutes and parole guidelines, that claim is foreclosed because he has no liberty interest in being granted parole. *Orellana*, 65 F.3d at 32.

Thus, it is recommended that Lopez's claims be dismissed because they are not cognizable in a § 2254 petition**.**

## II. RECOMMENDATION

Accordingly, it is recommended that Lopez's § 2254 petition (D.E. 1) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached exhibits that Lopez is not entitled to relief.

Respectfully submitted on May 13, 2021.

                                                                                _____
                                                                                Julie K. Hampton
                                                                                United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).